IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEONARD DELONG,

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, BARCLAYS BANK DELAWARE, CAPITAL ONE BANK (USA), N.A., CITIBANK, N.A., and NEBRASKA FURNITURE MART, INC.,

Defendants.

**8:26CV275**

**ORDER ON STIPULATIONS TO COMPEL ARBITRATION AND STAY CLAIMS**

This case is before the Court on the following motions: (1) the Joint Stipulation to Compel Arbitration and Stay Claims Against Citibank, N.A., signed by counsel for Plaintiff and counsel for Defendant Citibank, N.A., Filing 33; (2) the Joint Stipulation to Arbitrate and Stay as to Barclays, signed by counsel for Plaintiff and counsel for Defendant Barclays Bank Delaware, Filing 45; and (3) the Joint Stipulation to Compel Arbitration and Stay Proceedings as to Nebraska Furniture Mart, signed by counsel for Plaintiff and counsel for Defendant Nebraska Furniture Mart, Inc., Filing 52, which moots Defendant Nebraska Furniture Mart's Motion to Compel Arbitration and Motion to Stay Proceedings, Filing 41. Each Joint Stipulation provides that the signatories stipulate to arbitration of the Plaintiff's claims against the named Defendant pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, and to a stay of the action between them pursuant to 9 U.S.C. § 3 pending resolution of their dispute. Filing 33 at 3 (¶¶ 9–10); Filing 45 at 1; Filing 52 at 2 (¶¶ 5–6, and Therefore clause).

The FAA provides that a party aggrieved by the failure of another party to arbitrate under a written agreement may petition the district court for an order compelling arbitration. 9 U.S.C. § 4. "Before referring a dispute to an arbitrator, a court must determine whether a valid arbitration

agreement exists." *Schlacks v. Chheda*, 174 F.4th 1061, 1066 (8th Cir. 2026) (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019), and 9 U.S.C. § 2). The parties' stipulations make clear that they do not dispute that valid arbitration agreements exist between them, so the Court "may not decide the arbitrability issue." *Id.* (quoting *Henry Schein, Inc.*, 586 U.S. 69). The FAA provides further, "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Again, the parties' stipulations make clear that that the making of their agreements or failure to comply with their agreements is not in issue. *Id.* Thus, in light of the parties' stipulations, the Court is satisfied that the parties should be ordered to proceed to arbitration in accordance with the terms of their agreements. *Id.*

The Eighth Circuit recognized that in *Smith v. Spizzirri*, 601 U.S. 472 (2024), the Supreme Court held, "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the Federal Arbitration Act compels the court to stay the proceeding." *H&T Fair Hills, Ltd. v. All. Pipeline L.P.*, 154 F.4th 899, 901 n.2 (8th Cir. 2025) (quoting *Spizzirri*, 601 U.S. at 478). Because the parties stipulate to arbitration and request stays pending arbitration, the Court concludes that it must stay the proceedings between them pending arbitration. *Spizzirri*, 601 U.S. at 478; *H&T Fair Hilss, Ltd.*, 154 F.4th at 901 n.2 (quoting *Spizzirri*). Accordingly,

IT IS ORDERED THAT

1. The Joint Stipulation to Compel Arbitration and Stay Claims Against Citibank, N.A., Filing 33, is granted, the parties are directed to proceed to arbitration in accordance with the terms of their agreement, and these proceedings are stayed as to all claims by Plaintiff against Defendant Citibank, N.A.;

2. The Joint Stipulation to Arbitrate and Stay as to Barclays, Filing 45, is granted, the parties are directed to proceed to arbitration in accordance with the terms of their agreement, and these proceedings are stayed as to all claims by Plaintiff against Defendant Barclays Bank Delaware;

3. The Joint Stipulation to Compel Arbitration and Stay Proceedings as to Nebraska Furniture Mart, Filing 52, is granted, the parties are directed to proceed to arbitration in accordance with the terms of their agreement, and these proceedings are stayed as to all claims by Plaintiff against Defendant Nebraska Furniture Mart, Inc.; and

4. Defendant Nebraska Furniture Mart's Motion to Compel Arbitration and Motion to Stay Proceedings, Filing 41, is denied as moot.

This case shall proceed against the remaining Defendants.

Dated this 28th day of September, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge